CLOSED

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, et al., | Civil Action No. 06-1041 (SRC) |
| Plaintiffs, | OPINION |
| v. | |
| DIXO COMPANY, INC., et al., | |
| Defendants. | |

**CHESLER**, District Judge

    This matter comes before the Court upon Plaintiffs' Motion To Remand this action (docket item # 6) to the Superior Court of New Jersey, Law Division, and upon the Report and Recommendation (docket item # 37) issued by United States Magistrate Judge Patty Shwartz pursuant to 28 U.S.C. § 636(b)(1) on June 12, 2006. Defendant Stepan Company[1] ("Stepan") submitted a timely objection to the Report and Recommendation, and Plaintiffs thereafter submitted a brief in response to Stepan's objection. This Court has considered the papers submitted by the parties in connection with the motion to remand and with Judge Shwartz's Report and Recommendation. It has also examined the analysis of the Magistrate Judge, set forth in the Opinion delivered on the record on June 12, 2006, recommending that this action be

---

[1] Stepan Company owns the Maywood Chemical Company site, one of the properties involved in this action for natural resource damages. Stepan Company acquired Maywood Chemical Company in 1959. For purposes of simplicity, this Court will refer to the entity as "Stepan" regardless of whether the conduct examined occurred before or after 1959.

remanded to state court. Following a *de novo* review of those matters in the Report and Recommendation to which objection has been filed, and for the reasons discussed below, this Court adopts the June 12, 2006 Report and Recommendation and grants Plaintiffs' motion to remand this action.

**I.    STANDARD OF REVIEW OF THE REPORT AND RECOMMENDATION**

Title 28 U.S.C. § 636(b)(1) authorizes a district judge to designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations for the disposition of certain motions. 28 U.S.C. § 636(b)(1) Within ten days of being served with the magistrate judge's Report and Recommendation, any party may file objections to the Report and Recommendation. Id. The statute provides that, in the event an objection is submitted,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Id.

**II.   BACKGROUND**

This Court adopts the magistrate judge's recitation of the factual and procedural background of this action, set forth in the transcript of proceedings before Judge Shwartz on June 12, 2006. (Transcript of Motion Before the Honorable Patty Shwartz ("Tr.") dated June 12, 2006 at 25:15 - 29:17.)

**III.  LEGAL ANALYSIS**

   A.   Federal Officer Removal Statute

Defendant Stepan's removal petition asserts that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1), which provides that actions against the "United States or any agency thereof or any officer (**or any person acting under that officer**) of the United States or of any agency thereof sued in an official or individual capacity for any act under color of such office . . . " may be removed to federal court.  28 U.S.C. § 1442(a)(1) (emphasis added).   As the language of the statute makes clear, a private party may remove an action based on this "federal officer" removal statute.  Id.; New Jersey Department of Environmental Protection v. Exxon Mobil Corp. ("Exxon Mobil"), 381 F.Supp.2d 398, 401 (D.N.J. 2005) .  To establish federal officer jurisdiction, a defendant must demonstrate that (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office.  Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998).  This standard is known as the "Feidt test."

As with removal petitions based on other statutes, the burden of establishing the propriety of removal and the existence of federal jurisdiction under section 1442(a)(1) is upon the removing party.  Feidt, 153 F.3d at 127; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991); Gilberg v. Stepan Co., 24 F.Supp.2d 325, 330 (D.N.J. 1998).  Because the action at bar involves a private party's attempt to remove under the federal officer removal statute, the policy reasons for generally favoring removal and the existence of federal jurisdiction under section 1442 are not applicable here.  Exxon Mobil, 381 F.Supp.2d at 403 n. 5.  To the contrary, a private party seeking to assert the right of federal

3

officer removal "'bear[s] a special burden of establishing the official nature of [its] activities.'" Id. (quoting Freiberg v. Swinerton & Walberg Prop. Svcs., Inc., 245 F.Supp.2d 1144, 1150 (D.Colo. 2002)).

  B.  Application of the Feidt Test

  Based upon its review of plaintiffs' motion to remand and Stepan's objection to the Report and Recommendation under the Feidt test and under the applicable burden of proof, this Court holds that defendant has failed to meet its burden of establishing the official nature of the conduct of which plaintiffs complain. Magistrate Judge Shwartz properly applied the Feidt test to evaluate the existence of jurisdiction under section 1442(a)(1) and correctly concluded that defendant had failed to satisfy the second and fourth prongs of that test.[2] This Court finds, as the magistrate judge did, that Stepan simply has not provided sufficient evidence to establish that its discharges of hazardous substances were controlled or directed by the government.

  To establish that it was "acting under" a federal officer within the meaning of section 1442(a)(1), the private actor defendant must demonstrate that it performed the complained-of activity at the direction of official federal authority. Willingham v. Morgan, 395 U.S. 402, 409 (1969); Exxon Mobil, 381 F.Supp.2d at 404; Arness v. Boeing North American, Inc., 997 F.Supp. 1268, 1273 (C.D. Cal. 1998). Moreover, courts generally require that the private actor defendant demonstrate that the federal officer had "direct and detailed control" over the litigated activity. Exxon Mobil, 381 F.Supp.2d at 404; Arness, 997 F.Supp. at 1273; Reed v. Final Oil & Chem. Co., 995 F.Supp. 705, 710 (E.D.Tex. 1998). The analysis can be summed up as follows:

---

  [2] In Exxon Mobil, the court noted that "many courts combine the second and fourth components [of the Feidt test] into one analysis" and elected to follow suit. Exxon Mobil, 381 F.Supp.2d at 403 n. 7. This Court will likewise analyze the second and fourth prongs together.

> Removal must be predicated upon a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations. By contrast, if the corporation establishes only that the relevant acts occurred under the general auspices of federal direction then it is not entitled to § 1442(a)(1) removal.

Good v. Armstrong World Indus., Inc., 914 F.Supp. 1125, 1128 (E.D.Pa. 1996) (citations omitted).

The Court takes notice and accepts as true that Stepan manufactured radiological and chemical products for use by, and pursuant to contracts with, the United States government and its agencies. (Certification of John McGahren in Support of Stepan Company's Brief In Opposition to Plaintiffs' Motion To Remand ("McGahren Cert.") Ex. 1-10.) The fact that Stepan was a government contractor at the relevant time that the allegedly wrongful conduct occurred is, however, unavailing under the Feidt test. Cf. Virden v. Altria Group, Inc., 304 F.Supp.2d 832, 845 (N.D.W.V. 2004) (observing that "paradigm cases in which private actors have succeeded in removing cases under the statute have involved government contractors with *limited discretion*") (emphasis added)). Stepan must demonstrate that the government had "direct and detailed control" over the *litigated activity*.

In this case, insofar as the claims against Stepan are concerned, the litigated activity is Stepan's discharges[3] of hazardous substances on Stepan's Maywood, New Jersey property. (Complaint, ¶¶ 68, 70, 73, 75, 81, 86.) In support of its position that the government did in fact

---

[3] Under the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 et seq., "discharge" means "any intentional or unintentional action or omission resulting in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of hazardous substances into the waters or onto the lands of the State, or into waters outside the jurisdiction of the State when damage may result to the lands, waters or natural resources within the jurisdiction of the State." N.J.S.A. 58:10-23.11b

5

direct and control discharges of hazardous material at the Maywood site, Stepan cites two items. (Defendant Stepan's Brief in Opposition to Plaintiffs' Motion For Remand at 12.)  One of these is a September 21, 1987 Administrative Order, issued by the United States Environmental Protection Agency ("EPA"), which states in its findings of fact and conclusions of law that "the Atomic Energy Commission (AEC) issued a license to the Maywood Chemical Co. for the possession of thorium wastes stored on the property" and that the "AEC approved the cleanup and burial of wastes on company property."  (Notice of Removal, Ex. F, ¶¶ 11-12.)  The other item is an October 22, 1963 internal company memorandum discussing the thorium waste pile on the Maywood property.  In relevant part, that memorandum states as follows:

> However, in 1947 the AEC prompted us to collect the thorium wastes separately and store them for possible emergency use in the future.  Therefore, we contend that the AEC prevented Maywood from solving its problem (waste) concurrent with operating the thorium plant and especially prior to the AEC act [sic] of 1954. For this reason, we intend to approach the AEC when we are ready to move on the thorium dike asking their [sic] financial help in correcting the situation.

(McGahren Cert., Ex. 13.)

      Neither of these two documents satisfies Stepan's burden of demonstrating that it acted under the direction of a federal officer in discharging hazardous substances.  The AEC's approval of cleanup and burial of waste on the property does not establish that the United States or one its agencies or departments exercised direct and detailed control over the discharges of which plaintiffs complain.  Even viewing this evidence in the light most favorable to Stepan, this Court concludes that, at best, it may be interpreted as showing that Stepan was acting under the general auspices of the government, a showing which falls far short of what is required to establish

federal officer removal jurisdiction. The internal memorandum provides no support for Stepan's position. The opinion of an employee of the company that the AEC "prompted" Stepan to collect and store thorium waste and that it is therefore to blame for Stepan's thorium waste problem does not demonstrate that Stepan performed the complained-of discharges at the direction of federal officials.

An opinion brought to the Court's attention by Stepan in a supplemental letter brief dated July 27, 2006 does not alter this Court's analysis. That opinion, in the case of <u>Pierce Morgan v. Ford Motor Co.</u>, Civil Action No. 06-1080, concerned a motion for remand based on the failure to meet the requirements of the federal officer removal statute. (Transcript of Proceedings Before the Honorable Joel A. Pisano dated July 5, 2006 ("<u>Pierce Morgan Tr.</u>") at 3:4-18: attached to July 27, 2006 Supplemental Letter Brief as Ex. 2.) The gravamen of the <u>Pierce Morgan</u> Complaint was that defendant were negligent in their performance of an environmental clean-up as directed by an Administrative Consent Order issued by the EPA. (<u>Pierce Morgan</u> Tr. at 50:4 - 51:5.) The Court found, therefore, that defendants were acting under a federal office with respect to the complained-of conduct. (<u>Id.</u> at 51:22 - 52:2.) For the reasons discussed above, that is plainly not the case in the action at bar, in which the gravamen of the Complaint does not relate to any activity that Stepan has shown was undertaken under the government's detailed direction.

In short, Stepan has failed to present evidence that the government directed and controlled any aspect of Stepan's disposal of hazardous substances or the associated discharges.[4]

---

[4] In support of its objections to the magistrate judge's Report & Recommendation, Stepan also submitted the Declaration of Robert Zoch, which it purports constitutes "additional facts and evidence concerning the wartime and post-war control of the federal government over the disposal of waste materials at the Maywood site and the resulting discharges." (Defendant Stepan's Objection to Magistrate Judge Shwartz's Report and Recommendation on Plaintiffs'

It has not met its burden of demonstrating that federal jurisdiction exists under the federal officer removal statute.

      C.     <u>Standard of Review of Remand Motion</u>

Stepan also objects to the magistrate judge's Report & Recommendation on the ground that, according to Stepan, Magistrate Judge Shwartz did not apply the correct standard of review to plaintiffs' motion to remand. In particular Stepan asserts that the magistrate judge incorrectly required that Stepan, as the removing party, prove the facts substantiating federal officer removal, rather than accepting as true its allegations of those facts as stated in the Notice of Removal. Stepan argues, in sum, that "the magistrate judge applied a burden of proof . . . that was far more demanding than what is required for a motion to remand under federal officer jurisdiction." (Defendant Stepan's Objection to Magistrate Judge Shwartz's Report and Recommendation on Plaintiffs' Motion For Remand at 10.) Stepan's position is incorrect and finds no support in our jurisprudence.

Once jurisdiction is challenged, the party invoking federal jurisdiction bears the burden of proving that jurisdiction is proper. <u>Corwin Jeep Sales v. American Motors Sales</u>, 670 F.Supp. 591, 595 (M.D.Pa.1986); <u>see also</u> <u>Samuel-Bassett v. KIA Motors Am., Inc.</u>, 357 F.3d 392, 396 (3d Cir. 2004) (holding, in the context of a removal under 28 U.S.C. § 1441, that "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is

---

Motion For Remand at 14.) This "additional evidence" reiterates that the AEC directed Stepan to segregate and store thorium and lithium waste. It does not, however, touch upon the facts crucial to the analysis of federal officer subject matter jurisdiction in this case. Specifically, like the EPA Administrative Order and internal company memorandum discussed above, it does not provide any indication that the government controlled the discharges of which plaintiff complains.

8

properly before the federal court"). While this Court will accept all well-pleaded allegations as true, it need not credit a party's "bald assertions" or "legal conclusions." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). In Gilberg, this Court held that "[a] defendant cannot establish that it was a federal agency or employee, by merely alleging in its Notice, as Stepan does, that it was an 'agent or employee of the United States Government.'" Gilberg, 24 F.Supp.2d at 347. With respect to Stepan's removal petition, Stepan cannot establish that it was acting under the direction of a federal agency or officer by merely alleging that the "harm alleged by Plaintiffs is directly related to the actions taken both by the government itself and pursuant to detailed direction from the government . . . " (Notice of Removal ¶ 26.) The position taken by Stepan, in which it urges that the Court must accept as true its allegations that the criteria for federal officer removal are met, would render the well-established burden of proof on the party asserting federal jurisdiction empty and artificial. This Court concludes that the magistrate judge applied the correct standard and properly looked to Stepan to present evidence supporting the jurisdictional averments of its removal petition.

      D.      Stepan's Request for Limited Jurisdictional Discovery

During oral argument before Magistrate Judge Shwartz on the motion for remand, Stepan requested that the Court retain jurisdiction over this case to permit the parties to conduct discovery on the merits of the claims for use of that discovery in the remanded state action. (Tr. 21:14 - 22:19, 23:20 - 24:4.) The magistrate judge was clearly correct in denying that application. If this Court does not have jurisdiction, it cannot "retain jurisdiction" and allow this action to develop in federal court without any basis of authority to adjudicate this controversy. Stepan did not present at oral argument, and does not cite in its brief objecting to the Report &

Recommendation, any legal authority for this Court to retain non-existent jurisdiction.

As for its revised request that the Court retain jurisdiction to allow the parties to conduct jurisdictional discovery (Defendant Stepan's Objection to Magistrate Judge Shwartz's Report and Recommendation on Plaintiffs' Motion For Remand at 20), Stepan correctly recites the law, but its request will not be granted. The District Court "has inherent power and jurisdiction to decide whether it has jurisdiction." In Re Automotive Refinishing Paint Antitrust Lit., 358 F.3d 288, 303 (3d Cir. 2004) (citing Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982)). The Court may, in its discretion, order discovery to ascertain facts that bear on whether the Court has jurisdiction to entertain the merits of the action. Openheimer Fund, Inc. v. Sanders, 437 U.S. 349, 351 n. 13 (1978); Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455-56 (3d Cir. 2003). The Court, however, declines to order such jurisdictional discovery in this case. Stepan requests this relief for the first time in its brief objecting the Report & Recommendation, and the Court will therefore not entertain it.

## IV. CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Shwartz's Report & Recommendation and accordingly grants Plaintiffs' motion to remand. An appropriate form of order will be filed together with this Opinion.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

DATED: September 22, 2006